**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARK ONCKEN AND BLANCA ONCKEN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-01610** |
| | § | |
| **TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY, DAMION** | § | |
| **CAMPBELL, and BROC ANTHONY DOMEC** | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.**
**STATE COURT ACTION**

This case was initially filed in 129th Judicial District Court of Harris County, Texas. The state court action is styled: Cause No. 2016-30789; <u>Mark Oncken and Blanca Oncken v. Travelers Home and Marine Insurance Company, Damion Campbell and Broc Anthony Domec</u>, in the 129th Judicial District Court of Harris County, Texas.

**II.**
**PARTIES**

The plaintiffs, Mark Oncken and Blanca Oncken, are, upon information and belief, individual citizens and residents of Harris County, Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Damion Campbell ("Campbell"), is an individual citizen and resident of the State of Texas.  Significantly, however, Campbell, and the plaintiffs' claims against Campbell, have been improperly joined.  Accordingly, Campbell's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiffs' claims against Travelers.

The defendant, Broc Domec ("Domec"), is an individual citizen and resident of the State of Texas.  Significantly, however, Domec, and the plaintiffs' claims against Domec, have been improperly joined.  Accordingly, Domec's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiffs' claims against Travelers.

**III.**
**JURISDICTION**

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the _properly_ joined parties are citizens of different states.  Here, the plaintiffs have improperly joined Campbell and Domec to this suit.  As such, Cambell's and Domec's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiffs' claims against Travelers.  As the plaintiffs are residents and citizens of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. Mar. 26, 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. June 19, 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.  Smallwood, 385 F.3d at 573.  Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D.

Tex. Jan. 20, 2011).  A mere theoretical possibility of recovery is insufficient.  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.

To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  Smallwood, 385 F.3d at 573.

### B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Campbell or Domec.

As shown below, the plaintiffs have failed to allege any specific facts against Campbell or Domec that would lead to individual liability and have thus failed to allege a reasonable basis for predicting that state law would allow recovery against Campbell or Domec.  Instead, the plaintiffs have articulated only non-specific and conclusory allegations against Campbell and Domec, together with near-verbatim quotations of statutory provisions the plaintiff claims Campbell and Domec violated in an effort to defeat diversity jurisdiction.  In essence, the plaintiffs' factual allegations against Campbell and Domec fail to identify anything they did wrong other than estimate the plaintiffs' alleged loss to be less than what the plaintiffs desired.

While certain paragraphs in the plaintiffs' original petition appear to be directed either to Campbell or Domec, for the most part they merely track the statutory provisions the plaintiffs claim Campbell and Domec violated.  See plaintiff's original petition.  The only factual allegations relating to Campbell and Domec are found in paragraph nos. 14 through 17, which read as follows:

> "14.Travelers assigned Defendants Campbell and Domec to adjust the Claim.  Defendants Travelers, Campbell and Domec conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly

investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation, no more than one hour.

15.  Despite obvious visible wind damage caused by the storm, Campbell, on his own behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the inspection that that the roof had minimal wind damage.  Campbell repeated his misrepresentation, again on his own behalf and on behalf of Travelers in a letter to Plaintiffs dated August 24, 2015.

16.  Plaintiffs requested a second inspection of the roof on August 28, 2015 and despite obvious visible wind damage caused by the storm, Domec, on his own behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the inspection that there was no signs or hail or wind damage to Plaintiffs roof surface and no payment would be made.  Domec misrepresented the lack of damage to the roof, again on his own behalf and on behalf of Travelers, in a letter to Plaintiffs dated September 21, 2015.

17.  Together, Defendants Travelers Campbell and Domec set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property."

See id. at ¶¶ 14-17.  All other allegations in the plaintiffs' original petition specifically against Campbell and Domec merely track the language of the various statutory provisions the plaintiffs claim Campbell and Domec violated.  See id.  As discussed below, federal district courts in Texas, including in the Southern District of Texas, routinely hold that allegations made against an adjuster functionally similar to the ones made against Campbell and Domec herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the adjuster, and have thus denied remand.  See, e.g., Barclay, 2015 U.S. Dist. LEXIS 38091; Okenkpu v. Allstate Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. Mar. 27, 2012).

**C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.**

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Barclay, 2015 U.S. Dist. LEXIS 38091 (Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Okenkpu, 2012 U.S. Dist. LEXIS 41705 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); Finkelman v. Liberty Mut. Fire Ins. Co., 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. Feb. 10, 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was

6

assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); Centaurus Gf Cove v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. July 7, 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

The case at issue here is similar, if not substantively identical, to Okenkpu. In Okenkpu, the plaintiffs sought remand after Allstate removed the case contending the adjuster defendant was improperly joined. Okenkpu, 2012 U.S. Dist. LEXIS 41705. In support of their motion to remand, the plaintiffs argued that they "pleaded specific facts about [the adjuster] that state[d] a claim under Texas law, i.e., that [the adjuster] conducted substandard inspections of Plaintiffs' property, that [the adjuster] spent an insufficient amount of time inspecting [the property], as evidenced by [the adjuster's] report, which failed to include all of the damages noted upon inspection, and that those damages [the adjuster] included were grossly undervalued." Id., at *20. The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim. Id. Accordingly, the court denied the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined. Id., at *23.

Here, the plaintiffs' factual claims against Campbell and Domec are as follows:

"14. Travelers assigned Defendants Campbell and Domec to adjust the Claim. Defendants Travelers, Campbell and Domec conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly

investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation, no more than one hour."

15. Despite obvious visible wind damage caused by the storm, Campbell, on his own behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the inspection that that the roof had minimal wind damage. Campbell repeated his misrepresentation, again on his own behalf and on behalf of Travelers in a letter to Plaintiffs dated August 24, 2015.

16. Plaintiffs requested a second inspection of the roof on August 28, 2015 and despite obvious visible wind damage caused by the storm, Domec, on his own behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the inspection that there was no signs or hail or wind damage to Plaintiffs roof surface and no payment would be made. Domec misrepresented the lack of damage to the roof, again on his own behalf and on behalf of Travelers, in a letter to Plaintiffs dated September 21, 2015.

17. Together, Defendants Travelers Campbell and Domec set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property."

See plaintiff's original petition at ¶¶ 14-17. As was the case in Okenkpu, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in Okenkpu, the plaintiffs' allegations against Campbell and Domec are similar to allegations made against the adjuster defendants in Centro Cristiano Cosecha Final, Inc., Barclay, Finkelman, and Centaurus Gf Cove. Here, the plaintiffs claim, in essence, that Campbell and Domec were assigned to investigate the claim, conducted a substandard investigation of the claim, spent an inadequate amount of time on the investigation, and set out to deny properly covered damages by performing a results-oriented investigation of the plaintiffs' claim. See id. at ¶ 14-17. These allegations are

similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiffs' claims against Campbell and Domec have been improperly joined and Campbell and Domec's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiffs' claims against Travelers.

### D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster to avoid removal.

As Judge McBryde in the Northern District of Texas judge recently noted in a 2016 case similar, if not substantively identical, to the case at hand, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court." Patel v. Acceptance Indem. Ins. Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016).  In Patel, the plaintiff filed suit against Acceptance Indemnity Insurance Company and adjuster Charles Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2.  Acceptance removed the case to federal court alleging that the Northern District had subject matter jurisdiction by reason of diversity of citizenship.  Id. at *2.  Acceptance contended that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant.  Id.  The plaintiff then filed a motion to remand, which the court ultimately denied.  Id. at 1-2.  In doing so, the court reasoned that the plaintiff's allegations were related to the investigation and estimation of damages, while

9

the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the insurer's denial of the claim.  Id. at *8.  The court further reasoned that:

> "[w]hile it is true that plaintiff's complaint includes what appear to be factual allegations related to [the adjuster], a close analysis discloses that they are nothing more than mere conclusions.  No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage."

Id. at *9.

The case at issue here bears striking resemblance to Patel.  Here, as in Patel, the plaintiffs' allegations against Campbell and Domec relate only to their investigation and estimation of damages, while the plaintiffs' claims against Travelers relate to Travelers' alleged breach and denial of the claim.  See id. at *8.  Also, as in Patel, a close analysis of the plaintiffs' allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [Campbell or Domec], bearing in mind that ultimately [Travelers], not [Campbell or Domec], was responsible for insurance coverage."  See id. at *9.  Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  See id. at *7.

Based on Patel and all other authorities cited herein, the plaintiffs' claims against Campbell and Domec have been improperly joined and Campbell and Domec's

citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiffs' claims against Travelers.

**IV.**
**TIMELINESS**

Travelers was served with process and the plaintiffs' original petition on May 20, 2016. Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

**V.**
**ATTACHMENTS**

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a. Exhibit A:    Civil action cover sheet;

b. Exhibit B:    Copies of all executed processes in the case, if any;

c. Exhibit C:    Copies of all pleadings asserting causes of action and all answers to such pleadings;

d. Exhibit D:    Copies of all orders signed by the state court judge, if any;

e. Exhibit E:    A copy of the state court docket sheet;

f. Exhibit F:    An index of matters being filed;

g. Exhibit G:    A list of all counsel of record, including addresses, telephone numbers, and parties represented;

h. Exhibit H:    Damion Campbell's consent to removal; and

i. Exhibit I:    Broc Domec's consent to removal

## VI.
## CONDITIONS PRECEDENT

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal.   A copy of this notice of removal is also being filed in the 129th Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the above action, styled: Cause No. 2016-30789; <u>Mark Oncken and Blanca Oncken v. Travelers Home and Marine Insurance Company, Damion Campbell and Broc Anthony Domec</u>, in the 129th Judicial District Court of Harris County, Texas, be removed to this Court.

[SIGNATURE BLOCK ON NEXT PAGE]

12

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to the following counsel of record by Certified Mail, Return Receipt Requested:

Bryant Fitts
Fitts Law Firm, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056

/s/ Greg C. Wilkins