EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARK ONCKEN AND BLANCA ONCKEN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-01610** |
| | § | |
| **TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY, DAMION** | § | |
| **CAMPBELL, and BROC ANTHONY DOMEC** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY**

SOP / ALL
**Transmittal Number: 15176424**
**Date Processed: 05/20/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | The Travelers Home and Marine Insurance Company<br>Entity ID Number  2317358 |
| **Entity Served:** | Travelers Home and Marine Insurance Company |
| **Title of Action:** | Mark Oncken vs. Travelers Home and Marine Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201630789 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/20/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bryant Fitts<br>713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CAUSE NO. 201630789

| RECEIPT NO. | 0.00 | ATY |
|---|---|---|
| ********** | | TR # 73246910 |

PLAINTIFF: ONCKEN, MARK
    vs.
DEFENDANT: TRAVELERS HOME AND MARINE INSURANCE COMPANY

In The  129th
Judicial District Court
of Harris County, Texas
129TH DISTRICT COURT
Houston, TX

**CITATION**

THE STATE OF TEXAS
County of Harris

TO: TRAVELERS HOME AND MARINE INSURANCE COMPANY (AN INSURANCE COMPANY) BY
    SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS</u>
<u>FIRST SET OF INTERROGATORIES FIRST REQUEST FOR PRODUCTION</u>

This instrument was filed on the <u>11th day of May, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of May, 2016, under my hand and
seal of said Court.

<u>Issued at request of:</u>
FITTS, BRYANT ALLEN
2700 POST OAK BLVD.  SUITE 1120
HOUSTON, TX 77056
Tel: (713) 871-1670
<u>Bar No.</u>: 24040904

CHRIS DANIEL, District Clerk
Harris County, Texas
1201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
GENERATED BY: HILL, MARCELLA DIANA   DBG//10381381

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____         copy(ies) of the
                                                 Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

_____ of _____ County, Texas

_____          By _____
         Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P

5/11/2016 11:17:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10571685
By: Sarah Anderson
Filed: 5/11/2016 11:17:12 AM

NO. _____

| | | |
|---|---|---|
| MARK ONCKEN AND BLANCA ONCKEN | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, DAMION | § | |
| CAMPBELL and BROC ANTHONY DOMEC | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs, Mark Oncken and Blanca Oncken, file this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Travelers Home and Marine Insurance Company, Damion Campbell and Broc Anthony Domec and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Mark Oncken and Blanca Oncken ("Plaintiffs") reside in Harris County, Texas.

3.      Defendant Travelers Home and Marine Insurance Company ("Travelers") is an insurance company doing business in Texas, and it may be served with process through the Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, Damion Campbell ("Campbell"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 2503 Middleground, San Antonio, Texas 78245 or wherever he may be found.

5.      Defendant, Broc Anthony Domec ("Domec"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 19810 Dayton Springs Dr., Cypress, Texas 77429 or wherever he may be found.

## III.
## JURISDICTION & VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages, it is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief between $100,000.00 and $200,000.00.

8.      Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

9.      Plaintiffs are named insured under a property insurance policy (the "Policy") issued

by Travelers. The Policy insures, among other things, against losses from wind damage to

Plaintiff's property, namely, the real property and improvements located at 13811 Lowell Ave.,

Tomball, Texas 77377 (the "Property").

10.     On or about April 19, 2015, during the policy period, a storm caused covered

damage to the Subject Property.  Specifically, the storm damaged Plaintiffs' roof, A/C unit, shed,

metal building and gutters.

11.     Shortly after the storm, plaintiffs noticed damage to their home.  They contacted

Travelers by telephone to notify Travelers of the damage.

12.     Plaintiffs submitted a claim to Travelers against the Policy for all roof damage, shed

roof damage, metal building roof damage, air conditioner unit damage and gutter damage the

Property sustained as a result of the storm.

13.     Plaintiffs asked Travelers to honor its contractual obligations and cover the cost of

repairs to Plaintiffs' home.

14.     Travelers assigned Defendants Campbell and Domec to adjust the Claim.

Defendants Travelers, Campbell and Domec conducted a substandard investigation of Plaintiffs'

claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time

on the investigation, no more than one hour.

15.     Despite obvious visible wind damage caused by the storm, Campbell, on his own

behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the

inspection that that the roof had minimal wind damage. Campbell repeated his misrepresentation,

again on his own behalf and on behalf of Travelers in a letter to Plaintiffs dated August 24, 2015.

16.    Plaintiffs requested a second inspection of the roof on August 28, 2015 and despite obvious visible wind damage caused by the storm, Domec, on his own behalf and on behalf of Travelers, verbally misrepresented to the Plaintiffs at the time of the inspection that there was no signs or hail or wind damage to Plaintiffs roof surface and no payment would be made. Domec misrepresented the lack of damage to the roof, again on his own behalf and on behalf of Travelers, in a letter to Plaintiffs dated September 21, 2015.

17.    Together, Defendants Travelers Campbell and Domec set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

18.    Defendant Travelers failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiffs.  Travelers conduct constitutes a breach of the insurance contract between Travelers and Plaintiffs.

19.    Even though Plaintiffs' home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiffs that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiffs' home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.    Defendants failed to make an attempt to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiffs under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendants failed to provide Plaintiffs with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant Travelers failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant Travelers failed to accept Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant Travelers has delayed payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiffs' claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Travelers has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Travelers' duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiffs.

28.     To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy.  Plaintiffs have suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

**V.**
**CAUSES OF ACTION**

**A.      Breach of Contract (Against Travelers)**

29.     Defendant Travelers had a contract of insurance with Plaintiffs.  Plaintiffs met or performed all conditions precedent under the contract.  Travelers breached the terms of that contract by wrongfully denying the claim and Plaintiffs were damaged thereby.

30.     Defendant Travelers is therefore liable to Plaintiffs for breach of contract.

**B.      Prompt Payment of Claims Statute (Against Travelers)**

31.     The Claim is a claim under an insurance policy with Defendant Travelers, of which Plaintiffs gave Travelers proper notice, causing Travelers to be liable for the Claim.

32.     Defendant Travelers violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

> a.  Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms Travelers reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

b. Failing to notify Plaintiffs in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

c. Delaying payment of the Claim following Travelers' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

33.     Defendant Travelers is therefore liable to Plaintiffs for damages.  In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.      Unfair Settlement Practices/Bad Faith (Against All Defendants)**

34.     Each of the foregoing paragraphs is incorporated by reference in the following.

35.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Travelers**

36.     Defendant Travelers engaged in unfair settlement practices by:

a. misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue;

b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d.   failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

    e.   refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

37.    Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Travelers and was a producing cause of Plaintiffs' damages. Travelers is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**Defendant Campbell**

38.    Defendant Campbell was a contractor and/or adjuster assigned by Defendant Travelers to assist with adjusting the Claim. Defendant Campbell was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

39.    Defendant Campbell was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

40.    Defendant Campbell conducted a substandard, results-oriented inspection of the Subject Property. As such, Campbell failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as required by the Policy and Texas law.

41.    Further, Defendant Campbell misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses. Additionally, Campbell failed to provide

Plaintiffs with a reasonable explanation as to why Travelers was not compensating Plaintiffs for the covered losses, or the true value thereof.

42.     Thus, Defendant Campbell engaged in unfair settlement practices by:

a.   misrepresenting to Plaintiffs a material fact or Policy provision relating to the coverage at issue;

b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

c.   failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Travelers denial of a claim or offer of a compromise settlement of a claim; and/or

d.   failing to conduct a reasonable investigation of Plaintiffs' Claim.

43.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Campbell and was a producing cause of Plaintiffs' damages.  Campbell is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**Defendant Domec**

44.     Defendant Domec was a contractor and/or adjuster assigned by Defendant Travelers to assist with adjusting the Claim.  Defendant Domec was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

45.     Defendant Domec was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

46.     Defendant Domec conducted a substandard, results-oriented inspection of the Subject Property.  As such, Domec failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as required by the Policy and Texas law.

47.     Further, Defendant Domec misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses.  Additionally, Domec failed to provide Plaintiffs with a reasonable explanation as to why Travelers was not compensating Plaintiffs for the covered losses, or the true value thereof.

48.     Thus, Defendant Domec engaged in unfair settlement practices by:

    e.  misrepresenting to Plaintiffs a material fact or Policy provision relating to the coverage at issue;

    f.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

    g.  failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Travelers denial of a claim or offer of a compromise settlement of a claim; and/or

    h.  failing to conduct a reasonable investigation of Plaintiffs' Claim.

49.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Domec and was a producing cause of Plaintiffs' damages.  Domec is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

PLAINTIFF'S ORIGINAL PETITION                                                    PAGE 10

## D. DTPA (Against All Defendants)

50. Each of the foregoing paragraphs is incorporated by reference here fully.

51. At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

52. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

    i. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    j. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

    k. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed;

    l. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

    m. Generally engaging in unconscionable courses of action while handling the claim; and/or

n. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

53.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

54.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.      Breach of Duty of Good Faith and Fair Dealing (Against Travelers)**

55.     Defendant Travelers breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Travelers knew or should have known liability was reasonably clear. Travelers conduct proximately caused Plaintiffs' damages.

56.     Defendant Travelers is therefore liable to Plaintiffs.

**F.      Attorneys' Fees**

57.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

58.     Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

59.     Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

60.     Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

61.     All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

62.     Plaintiffs demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

63.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

64.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

65.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of Plaintiffs' intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiffs' written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiffs pray that citations be issued and, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFF'S ORIGINAL PETITION                                    PAGE 14

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANT
## TRAVELERS HOME AND MARINE INSURANCE COMPANY

PLAINTIFFS in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.


Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 4**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 5**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 6**.  For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541.  Formerly Art. 21.21, *et seq*., and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 7**.  State the legal theories, and describe the factual bases for your contention that Defendants or third parties fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 8**.  Identify every other insurance claim file with Defendant for property damage within a radius of (5) five of the property address at issue in this case, and stemming from the same storm, which claim was denied in part or whole.  State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 9**. Please explain your policy, practice and procedure of inspecting properties prior to insuring such properties.  Please include in your explanation the reasoning behind conducting such inspections.

**Response:**

**Interrogatory No. 10**.  How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following: a. what performance measures are used b. describe your bonus or incentive plan for adjusters.

**Response:**

**Interrogatory No. 11.**  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 12**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 13**.  State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 14**. State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 15**. If you received complaints from an insurance agent concerning the handling of this claim and/or any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number and the nature of the complaint.

**Response:**

**Interrogatory No. 16**. Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

**Interrogatory No. 17**. For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**

**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept, drafts of all documents in the file, and any notes, reports or applications.

**Response:**

**Request for Production No. 3.** The claim files, whether in hard copy or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**

**Request for Production No. 5.** All procedure or policy manuals or operations guides (including document(s) maintained in electronic form) meant to instruct claims adjusters, claims handlers, or vendors in handling claims for coverage for property damage, water damage, roof and/or wind damage in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** All training and educational materials which instruct claims adjusters, claims handlers or vendors in handling claims for property damage coverage under property insurance policies in Texas.

**Response:**

**Request for Production No. 7.** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property for the date of loss associated with Plaintiff's claim.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession, including produce any reports concerning wind and hail radius.

**Response:**

**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**

**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**

**Request for Production No. 14.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**

**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas windstorm and hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**

**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of windstorm and hail storms. In the event you utilize published guidelines or "off the shelf" software as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions, performance evaluations, performance investigations associated with claims handling and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for claims managers responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm and hail claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm and hail complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

**Response:**

**Request for Production No. 34.** Any and all organizational charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**Response:**

**Request for Production No. 35.** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**Response:**

**Request for Production No. 36.** Any and all training manuals used by third party vendors, independent adjusting firms, and/or claims management entities to train their adjusters on handling property damage claims for Defendants. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 37.** Any and all documents reflecting inspections completed by or on behalf of Defendant prior to binding the insurance policy at issue in this lawsuit.

**Response:**

**Request for Production No. 38.** Any investigative report not included in the claim file.

**Response:**

**Request for Production No. 39.** If you contend that Plaintiff has filed prior claims that are related to the claim at issue in this suit, provide the claim files associated with those prior claims.

**Response:**

**Request for Production No. 40.** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANTS DAMION CAMPBELL and
## BROC ANTHONY DOMEC

PLAINTIFFS in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means.   Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5.  "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6.  When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
    a.  His/her full name;
    b.  Present or last known residence address;
    c.  Present or last known business address; and,
    d.  Present residence and/or business telephone number.

7.  If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8.  "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**. State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**. List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**. State the basis, in fact and in the terms of the policy, for Defendant's denial or partial denial, of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 4**. State the basis, in fact and in the terms of the policy, for Defendant's failure to pay Plaintiff's full claim of damages or any portion of Plaintiff's claimed damages for coverage for wind and hail damage to the Subject Property, as well as state whether Defendant recommended payment on Plaintiff's claim(s), and if so, in what amount(s).

**Interrogatory No. 5**. State the name, address, telephone number and job title or position of all persons and/or entities Defendant retained or solicited an opinion from in the investigation of Plaintiff's claims(s).

**Response:**

**Interrogatory No.6**. Provide Defendant's employment history, including job titles, in the field of insurance and/or home construction, including the date on which Defendant became licensed as an adjuster in the State of Texas and any other states in which you hold licenses.

**Response:**

**Interrogatory No. 7**. List any and all courses, seminars, education, training or other experiences you have attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 8**. State the legal theories, and describe the factual bases for your contention that you fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 9**. Identify every other insurance claim adjusted or investigated by you, stemming from the same storm at issue in this case and made for hail and/or wind property damage with Defendant Insurance carrier in the same city/town as the house at issue in this case, and which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 10**. State the cause number, style, and court for each lawsuit filed against you in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055 et seq. formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**Response:**

**Interrogatory No. 11**. List any and all courses, seminars, education, training or reference materials you attended or received specific to handling and investigation of wind and/or hail related policy claims and/or wind and/or hail related property damages, and the name of the entity from which it was acquired. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Interrogatory No. 12**. State the name, address, and telephone number of each policyholder who gave you or any other Defendant written notice, within the last five years, of a complaint about your handling of first party claims for property damage coverage under homeowner insurance policies in Texas, including complaints made to the Texas Department of Insurance.

**Response:**

**Interrogatory No. 13**. State whether you requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made, such as to a supervisor, engineer, roofer or any other person(s), including the name, address and telephone number of each individual or entity.

**Response:**

**Interrogatory No. 14**. State the name, address, and telephone number of the office which the Defendant worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor while handling Plaintiff's claim(s).

**Response:**

**Interrogatory No. 15**.  If in the (5) five years preceding that date of loss at issue in this case, Defendant was disciplined or received a negative performance evaluation during his/her course of employment, describe the cause and/or nature of such discipline or evaluation, the date that it occurred.

**Response:**

**Interrogatory No. 16:**  If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the loss at issue in this case.  Identify the person(s) involved in each step.

**Response:**

**Interrogatory No. 17:**  From the date the claim at issue in this case was opened to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; Inspection Notes, diagrams, reserves sheet; electronic claims diary; a claims review report; pricing report)?

**Response:**

**Interrogatory No. 18:**  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** The claim files, whether in paper or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 2.** The electronic diary, including the electronic and paper notes made by you relating to the Plaintiff's claim(s).

**Response:**

**Request for Production No. 3.** Any investigative report not included in the claims file, including the field notes, hand written notes, measurements and file maintained by you relating to and/or relied upon in the adjustment the Plaintiff's claim(s).

**Response:**

**Request for Production No. 4.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's claim.

**Response:**

**Request for Production No. 5.** Any and all materials received from any and all courses, seminars, education, training or other experiences you have attended, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.*

**Response:**

**Request for Production No. 6.** Any and all records of Continuing Education courses that you have attended in person and/or participated in online, during the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Request for Production No. 7.** Any and all materials that you have received which include policies and/or procedures which relate to the handling of wind and/or hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** All materials meant to instruct and guide you under Texas law and/or company policy with regard to unfair claim settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 9.** Any and all records of communications, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim.

**Response:**

**Request for Production No. 10.** Any and all written records of communications, including electronic, between Defendant and any third party regarding Plaintiff's claim.

**Response:**

**Request for Production No. 11.** Any and all written records of communications, including electronic, between Defendant and any other Defendant regarding Plaintiff's claim.

**Response:**

**Request for Production No. 12.** All documents related to your job evaluations, disciplinary actions, achievements, awards, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 13.** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this case.

**Response:**

**Request for Production No. 14.** All preferred vendor lists referred to or utilized by you to hire any third party or other Defendant to assist with the investigation of Plaintiff's claim.

**Response:**

**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant Insurance carrier's internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**Response:**

**Request for Production No. 17.** The file maintained by you at your home, office, or in your vehicle relating to Plaintiff's claim(s).

**Response:**

**Request for Production No. 18.**   The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request for Production No. 19.**   Any and all advanced or specialized certifications held by you pertaining to claims handling, construction, and/or pertaining to the Property made the basis of this suit.

**Request for Production No. 20.**   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

**CAUSE NO.  2016-30789**

| | | |
|---|---|---|
| **MARK ONCKEN AND** | § | **IN THE DISTRICT COURT OF** |
| **BLANCA ONCKEN** | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TRAVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY,** | § | |
| **DAMION CAMPBELL AND** | § | |
| **BROC ANTHONY DOMEC** | § | **129TH JUDICIAL DISTRICT** |

**<u>DEFENDANTS' ORIGINAL ANSWER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, The Travelers Home and Marine Insurance Company, Damion Campbell, and Broc Domec, the defendants in the above entitled and numbered cause, and file this their original answer to the plaintiffs' original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in the plaintiffs' petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendants specifically reserve the right to amend their answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims they may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, The Travelers Home and Marine Insurance Company, Damion Campbell, and Broc Domec, move and pray the Court that upon trial hereof, the plaintiffs recover nothing, and that the defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANTS,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,
DAMION CAMPBELL, AND
BROC DOMEC

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of June, 2016, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins